UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 25-CR-60234-DAMIAN

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

BARBARA SEMIRAMES NUNES DA SILVA,

        Defendant.

_____/



FILED BY_____AT_____D.C.

**Jun 24, 2026**

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FTL

### REPORT AND RECOMMENDATION ON CHANGE OF PLEA

THIS CAUSE is before the Court on an Order of Reference (ECF No. 25) from United States District Judge Melissa Damian for the purpose of conducting a proceeding for acceptance of a guilty plea by Defendant Barbara Semirames Nunes Da Silva in the above-referenced case. On June 24, 2026, I conducted a Change of Plea hearing, attended by Defendant, her counsel Adebunmi Lomax, and Assistant U.S. Attorney Germaine Corprew. I hereby REPORT and RECOMMEND to the District Court as follows:

1. At the outset of the hearing, I advised Defendant of her right to have these proceedings conducted by the District Judge assigned to the case. Further, I advised Defendant that I was conducting the Change of Plea hearing on an Order of Reference from the District Judge. I further advised Defendant that the District Judge assigned to this case would be the sentencing judge and would make all findings and rulings concerning Defendant's sentence.

2. I advised Defendant that she did not have to permit me, a United States Magistrate Judge, to conduct this hearing and could request that the Change of Plea hearing be conducted only by a United States District Judge. Defendant and the Assistant United States Attorney assigned to the case all agreed on the record and consented to me conducting the Change of Plea hearing.

1

3.      I conducted a plea colloquy in accordance with the outline set forth in the Bench Book for District Judges and Rule 11 of the Federal Rules of Criminal Procedure.

4.      The Parties have not entered into a written Plea Agreement.   Both parties acknowledged that there are no agreements or understandings between the parties.   I made certain that Defendant was aware of any applicable mandatory minimum sentences (there are none) and statutory enhancements (there are none).   I advised Defendant of the maximum sentence that could be imposed in this case pursuant to the applicable statutes.   Defendant acknowledged that she understood the possible maximum penalties (including fines, supervised release, restitution, forfeiture, and special assessments) that could be imposed in this case.

5.      Defendant pleaded guilty to the sole count of the Indictment, which charges her with operating an unlicensed money transmitting business, in violation of 18 U.S.C. § 1960(a).

6.      The Parties provided a signed, agreed written factual basis for the entry of the plea (ECF No. 27), which includes all the essential elements of the crime to which Defendant is pleading guilty and any statutory sentencing enhancements and/or aggravating factors that may be applicable (there are none).   Defendant acknowledged on the record that she read and understood the written factual proffer, had signed that proffer, agreed that the facts set forth in the proffer were true and accurate,[1] and agreed that the proffer included the essential elements of the offense to which she is pleading guilty.

7.      I advised Defendant about the possible immigration and other collateral

---

[1] During the hearing, Defendant took issue with one statement in the written factual proffer. Based on Defendant's statements, and with the Government's agreement, I hand-wrote an additional sentence to clarify the issue Defendant raised.  Defendant, defense counsel, and the Government all approved and initialed that change to the written factual proffer.   Regardless, with or without the additional sentence, the factual proffer satisfies the elements of the offense.

consequences of her guilty plea.

8. Defendant expressed satisfaction with her counsel's representation.

9. Defendant has been referred to the U.S. Probation Office for the preparation of a pre-sentence investigation report.

Based on all the foregoing and the plea colloquy, I **RECOMMEND** that Defendant, Defendant Barbara Semirames Nunes Da Silva, (1) be found to have freely and voluntarily entered her guilty plea to operating an unlicensed money transmitting business, in violation of 18 U.S.C. § 1960(a), (2) that her plea of guilty be accepted, and (3) that she be adjudged guilty of this offense. I further recommend that a sentencing hearing be conducted for final disposition of this matter.

The parties will have three (3) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable Melissa Damian, United States District Judge. If neither party has an objection to this Report and Recommendation, the parties shall file a joint notice of non-objection within three (3) days from the date of being served with a copy of this Report and Recommendation. Failure to file objections timely shall bar the parties from a *de novo* determination by the District Judge of any issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained therein, except upon grounds of plain error if necessary in the interest of justice. *See* 28 U.S.C. 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v.*

*Johnson*, 885 F.2d 790, 794 (1989); 11th Cir. R. 3-1 (2016).

DONE AND SUBMITTED at Fort Lauderdale, Florida, this 24th day of June, 2026.

Jared M. Strauss
United States Magistrate Judge